O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01418 AHM (PLAx) | Date | March 1, 2010 |
|---|---|---|---|
| Title | ASHLEY COLLINS v. ROBERT CASTERLINE, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:      Attorneys **NOT** Present for Defendants:

**Proceedings:**      IN CHAMBERS (No Proceedings Held)

      Before the Court is Plaintiff Ashley Collins's Motion for an Order Determining the Good Faith Nature of the Settlement Between Plaintiff and Defendants Robert Casterline and Danielle Procaccio (collectively the "Settling Defendants") under Cal. Code Civ. Proc. § 877.6. The Court has received no opposition to Plaintiff's motion. The Court held a hearing on March 1, 2010, at which counsel for both Collins and additional defendant Jeffrey Pyros appeared, but no party opposed the motion. "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Local Rule 7–12. In addition, the motion appears meritorious on its face. Accordingly, for the following reasons, Plaintiff's motion is GRANTED.[1]

      The settlement at issue arises out of a suit that Collins brought against Casterline, Procaccio, and Pyros, alleging that Defendants misappropriated Plaintiff's secret method of creating her artwork, as well as the designs of her artwork. After the Court granted in part and denied in part Defendants' motion to dismiss Plaintiff's Second Amended Complaint, Plaintiff filed the operative Third Amended Complaint ("TAC"), which alleges the following claims: (1) equitable relief and damages for copyright infringement, (2) breach of fiduciary duty, and (3) breach of contract. In her settlement with Casterline and Procaccio, Collins received no monetary recovery, but the Settling Defendants did release her from all liability, including attorneys' fees and costs. Levitan Decl. ¶ 4 & Ex. 1. Collins has not settled with Pyros, but she seeks no recovery against him and has sought to dismiss the action against him with prejudice. Levitan Decl. ¶ 6; Docket No. 37

---

[1] Docket No. 32.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01418 AHM (PLAx) | Date | March 1, 2010 |
|---|---|---|---|
| Title | ASHLEY COLLINS v. ROBERT CASTERLINE, *et al.* | | |

(notice of motion to dismiss case against Pyros, calendared for March 22, 2010). Pyros has not filed a cross-complaint seeking indemnity from the Settling Defendants.

California Code of Civil Procedure Section 877 governs the effects of a settlement of one joint tortfeasor upon another. It states:

> Where a release, dismissal with or without prejudice, or a convenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort . . . it shall have the following effect:
>
> It shall not discharge any other such party from liability unless its terms so provide, but it shall reduce the claims against the others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it whichever is the greater.

*Id.* at § 877(a). Cal Code Civ. Proc. § 877.6 provides that a court may determine whether a settlement is made in good faith under the meaning in Section 877. Section 877.6 also provides that "[t]he party asserting the lack of good faith shall have the burden of proof on that issue." Cal. Code Civ. Proc. § 877.6(d). Since no party has opposed Collins's motion for an order declaring the settlement to be in good faith, and since the statute provides that the presumption shall be in favor of good faith, this should be sufficient to grant the motion. Nonetheless, the Court will consider the merits of the issue.

The California Supreme Court has provided several factors that courts use to determine whether a settlement has been made in good faith. *See Tech-Bilt, Inc*, 38 Cal. 3d at 499; *see also Yanez v. U.S.*, 989 F.2d 323, 328 (9th Cir. 1993) (directing the district court to apply the *Tech-Bilt* factors). These factors include: (1) a rough approximation of plaintiff's total recovery and the settlor's proportionate liability; (2) the amount paid in settlement; (3) the allocation of settlement proceeds among plaintiffs; (4) a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial; (5) the financial conditions and insurance policy limits of settling defendants; and (6) the existence of collusion, fraud, or tortious conduct aimed to injure the interests of

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01418 AHM (PLAx) | Date | March 1, 2010 |
|---|---|---|---|
| Title | ASHLEY COLLINS v. ROBERT CASTERLINE, *et al.* | | |

nonsettling defendants. *Tech-Bilt* 38 Cal. 3d at 499. The court also noted that "practical considerations obviously require that the evaluation be made on the basis of information available at the time of settlement[, and] a defendant's settlement figure must not be grossly disproportionate to what a reasonable person, at the time of the settlement, would estimate the settling defendant's liability to be." *Id.* (internal citations omitted).

Looking at these factors, the settlement appears to have been made in good faith. With regard to factors (1), (2), and (4), according to the declaration of Plaintiff's attorney, Jonathan Mark Levitan, the settlement—with a dollar value of zero—closely parallels the culpability of all defendants, which discovery revealed to be less than originally perceived. Levitan Decl. ¶¶ 10-11. In addition, it became apparent to Plaintiff that damages would be difficult to prove. *Id.* ¶ 12. Since Collins is dismissing the lawsuit against Pyros, his liability would be equal to that allocated to the settling defendants—zero. Factors (3) and (5) are irrelevant here. As to factor (6), there is no indication of collusion, fraud, or tortious conduct aimed to injure the interests of Pyros. Pyros was offered the same deal accepted by the Settling Defendants, which he rejected, and his attorney was kept apprised of the negotiation process with the Settling Defendants. *Id.* ¶¶ 6-7.

In *Tech-Bilt*, the Court reached its conclusion that the settlement there was not in good faith in part because the plaintiffs received nothing in return for dismissing their case against the defendant except for relief from having to pay the defendant's costs. 38 Cal. 3d at 501. However, in that case, there was additional monetary liability that could be allocated to the other defendants unfairly. The court in *Armstrong World Industries* confirmed that a settlement for waiver of costs only may still be in "good faith" despite the ruling in *Tech-Bilt*, as long as the settlement is within the "reasonable range" of the settling defendants' probable liability. *Armstrong World Industries, Inc. v. Superior Court*, 215 Cal. App. 3d 951, 957-58 (Ct. App. 1989). Here, the settlement for waiver of costs is within the reasonable range of the Settling Defendants' probable liability. *See* Levitan Decl. ¶¶ 10-11.

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for an Order Determining the Good Faith Nature of the Settlement Between Plaintiff and Defendants Robert Casterline and Danielle Procaccio.

:

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01418 AHM (PLAx) | Date | March 1, 2010 |
|---|---|---|---|
| Title | ASHLEY COLLINS v. ROBERT CASTERLINE, *et al.* | | |

Initials of Preparer          SMO